Judge Logan
delivered the opinion of the court.
This was a suit in chancery, brought to be relieved from a contract charged to be usurious, upon the following case:
Heytle, the appellant, being much pressed for money, applied to Logan for the loan of $3000, and in order to secure the re-payment of the money, proposed giving a mort *530 gage on a ¡ot and cértaífi houses in the town of Lexingtorf/ This, Logan refused; but agreed to purchase the property at that price, with a condition that Hey tie might re-purchase, or have back the properly, upon paying, by the first day of September ensuing, $3500; and pay, moreover, for such improvements as, in the mean time, he should make on the premises. The contract was, accordingly, made on the 2d of October, 1811; but the terms were not complied with And it is now to determine whether, from the circumstances and evidence exhibited, this contract vims, in its nature, usurious, and against the statute in such cases provided. .
)'0 COllsti* íut¿ usury, iheifemusibe a teiding and bovmxwtig • but^vhat is a tenate &. bar-rowing is a mater of ie-discr?-tir^-Iiardm 374-
^ contract iorj purchasing property vaU’o\vprice, ■wijh the pm vete^e of re-pechase at. a price eniian--⅜¾ bcvond t!ielega' interest>(the first Curring61" no hazard,) ⅛ a vTTh10**?' HteAgainst usury, at wl,ich thg te, Sharks vs. Kennedy, pa, vs Black pa ⅞⅞.
*530 With regard to the value of the property when the contract was made, there is, as might be expected, some contrariety in the evidence; There is none, however, under the price given; and generally, that iiwasthen worth from four to five thousand dollars. And the appellee himself had, sometime before, offered $4500, one third in valuable property, and the balance in money, upon a credit which Would have reduced the purchase but a little under $4000: nor does the property appear to have undergone a diminution in value; but on the contrary,I!»,have increased.
Our statute declares, “that no person shall, upon any contract, take, directly or indirectly, for loan of any money, wares or merchandise, or other commodity, above the value of /(] for the forbearance of 1100 for a year, and after that rate, fur a greater or less sum, or for a longer or shorter period.”
A borrowing and lending, has uniformly been held as in-dispensible to constitute usury. But what constitutes a borrowing and lending, has often been found the subject of mnch doubt, under the various devices resorted to for the purpose of evading the law.
The real intention of the parties must be collected from all the circumstances attending the transaction, and not merely from words. And as the agreement may be calculated to produce an evasion of the statute, it ought, with the greater jealousy, to be strictly examined into; and if possible, the evasions prevented. For, from the time of Henry the VIII. down to the present period, the policy and wisdom of state has been arrayed against the shifts and devices of usurers; and statute after statute has scarcely been able to keep pace with their subtlety and evasive contrivance, without extending the restriction beyond the lim *531 its of sound policy, and infringing on the right of the citizen to contract touching those things which are properly the subject of sale and purchase. It is, therefore, the duty of the court so to expound the statute, as to advance the remedy and suppress the mischief against which it was intended to provide: so that the law may, by a fair and liberal construction, be made to prevail over the cunning and evasive shifts of men.
The court shou¥s0 pound a slat ute,astosup. pressihtmis chief and ad* ^ ⅛ — Vide Bac Ab title '
From the case before us, nothing is more plain, if such contracts are free from the operation of the statute, than the ease with which the law may be evaded. For it is only so tp scale the interest with the value of the property received, as to induce the re-purchase of the property, in order to save, by the payment of the interest exacted, the greater injury in the loss of the property.
Should it be asked, whether, by this opinion, parties would not be interdicted the right of conditional sales? Surely not; or any other contract, which does not carry ... s z the law. bv anusuri-with it the evident means of evading the law, by anusuri-procurement of interest. And this will be found in ous those contracts only, in which more than legal interest is made the condition of re-purchasing. Nor are we to understood as deciding, that all contracts, even of that character, are to be taken as usurious. For contracts depending on contingencies, real and not merely juay secure more than legal interest, without coming within the definition of usury or violating the spirit of the law. Because, in those cases there is a risk; and as there might be a loss on the one hand, so on the other there may be a gain. The case, however, must then, not deserve the character of a mere device to evade the statute.
But free from risk, hazard or contingency, we have been unable to find any case like the present, securing more than 15 per cent, besides rent, free on the premises, without any substantial and probable risk.
The alternative is plain: the statute must he rendered a mere dead letter, or such contracts must be overhaled. In the language of lord Mansfield, on a like occasion, it may be truly said, “It is impossible to wink so hard as not to see,” what was expected by this contract- — that its end, was more interest on the money advanced than the law au-thorised. For, is the contract susceptible of a different inference than this, that each party expected the re-purchase pf the property upon the terms proposed, not only because *532 sucli is the stipulation between them; but because of thé much greater price which the same parties had before set on this property? Or, as we apprehend, it will, at least, be conceded, that the appellant expected to re-purchase the property; and that the appellee was sensible of this expectation. Now, from this understanding of the contract by himself, what other was his intention at the same time, than to provide by the contract a usurious interest upon that event. And this case, as was before observed, is clearly to be distinguishable from those to be found in the books depending on events of hazard and risk. By the terms of the contract, the property might, within the stipulated time, have been redeemed, upon the usurious advance. By the contract, then, this illegal provision was intended to regulate and vest the right to the property: but the law declares such contracts null and void.
Wicklijfe for .appellant, Hag gin and Pope for appellee.
The counsel for the appellee presented a petition for rehearing, which suspended the decree for some time, hence the decision is not inserted in its proper place.
Upon the whole, therefore, it is the opinion of this court, that the decree of the circuit court, dismissing the complainant’s bill, be reversed with cost — that the causq he remanded to said court, in order that a decree may be rendered agreeably to the foregoing opinion, and such other orders and decrees made as equity may require, with respect to the rents and improvements of the lot, and the payment of the money and interest.